IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JULIET R. COTTON,                §
aka J.R. Woodard,                §
        Petitioner,              §
                                 §
VS.                              §      CIVIL ACTION NO.4:10-CV-545-Y
                                 §
JOE KEFFER, Warden,              §
FMC-Carswell,                    §
        Respondent.              §

ORDER RESOLVING PENDING MOTIONS and, ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
(With special instructions to the clerk of court)

   In this action brought by petitioner Juliet R. Cotton under

28 U.S.C. § 2241, the Court has made an independent review of the

following matters in the above-styled and numbered cause:

   1.   The pleadings and record;

   2.   The proposed findings, conclusions, and recommendation
        of the United States magistrate judge filed on April 25,
        2011; and

   3.   The petitioner's written objections to the proposed
        findings, conclusions, and recommendation of the United
        States magistrate judge filed on May 17, 2011, supple-
        mented as permitted by this order.[1]

   The Court, after **de novo** review, concludes that the Peti-

tioner's objections must be overruled, that the Respondent's

---

[1]On June 7, 2011, petitioner Cotton filed a motion for leave to file a
motion to correct and supplement her 83-page written objections filed on May 17,
2011, with a 18-page document entitled "Motion to Correct and Supplement the
Pages that were Inadvertently Missed Out of Motion After page Seventy (70) from
Petitioner's Objections to Proposed Findings, Conclusions and Recommendation of
the United States Magistrate Judge." Because the document includes new specific
objections to the magistrate judge's report, and includes additional arguments
to those supplied in the original objections, the Court grants the motion for
leave (doc. 38) and directs the clerk of court to file the 18-page document as
"Supplemental Objections to the Findings, Conclusions, and Recommendation," nunc-
pro-tunc, as of June 7, 2011. The court has considered the supplemental written
objections.

   On June 23, 2011, Cotton submitted a 158-page document entitled "Motion for
Last Supplement of My Petitioner's Objections to Proposed Findings, Conclusions,
and Recommendation of the United States Magistrate Judge and Notice and Order
Because I am Indigent and Did not Have enough Money for Postage to Mail." Because
Cotton has already been permitted to file close to 100 pages of objections, which
were reviewed and considered by the Court, and this 158-page "motion" consists
primarily of Cotton's disjointed references to exhibits and pleadings in a civil
case in Georgia state court, *Cotton v. Southtrust Bank, et al.*, No.2003-CV-71545,
the Court concludes that such motion (doc. 39) must be DENIED.

motion to dismiss must be granted, and the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction, for the reasons stated in the magistrate judge's findings and conclusions.[2]

While the case was pending, Cotton filed several motions related to seeking early release or changes to her housing, seeking discovery of certain exhibits, seeking to proceed in forma pauperis in order to obtain free copies of certain transcripts, and seeking copies of government pleadings. Because the Court has determined that the petition must be dismissed, all pending motions not otherwise addressed must be dismissed.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED, as modified.

Respondent Keffer's motion to dismiss (doc. 22) is GRANTED.

All motions not otherwise addressed (docs. 27, 28, 29, 30, 31, 32, 33, 34, and 35) are dismissed.

Juliet R. Cotton's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

SIGNED August 16, 2011.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[2]As determined by the magistrate judge, because Cotton was not convicted of any offenses involving the "honest services" doctrine, the decision of the Supreme Court in *Skilling v. United States,* 130 S.Ct. 2896 (2010) has no relevance and is not applicable. The magistrate judge assumed for purposes of his analysis that the *Skilling* decision was a retroactively-applicable decision for purposes of the first element in the test for determining whether a § 2241 petition may be filed consistent with the "savings clause" of § 2255. The respondent has now acknowledged to this Court that the *Skilling* decision is retroactive for such purposes. *See Edelman v. Keffer,* No.4:10-CV-531-Y (April 26, 2011, Response.) As the *Skilling* case is not applicable to Cotton's convictions, that *Skilling* is retroactive does not change the resolution of her § 2241 petition.